**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GREGORY H. SACHS, AS EXECUTOR OF THE ESTATE OF ROBERTA SACHS, | * | |
| | * | |
| Plaintiff, | | |
| v. | * | Civil Action No. 8:24-cv-00067-PX |
| | | |
| VERA LOEFFLER, | * | |
| | | |
| Defendant. | * | |
| | *** | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's motion to remand for lack of diversity jurisdiction. ECF No. 7. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court GRANTS the motion.

**I.      Background**

In December of 2017, two women, Roberta Sachs and Vera Loeffler, were in a car accident. ECF No. 7-1 at 1; ECF No. 4 ¶ 1. On December 23, 2019, Sachs sued Loeffler in Montgomery Circuit Court for negligence, seeking a wide array of compensatory damages (the "State Case"). ECF No. 4 ¶ 1; *see Sachs v. Loeffler*, No. 477070-V, ECF No. 4-2. While the suit was pending, Sachs passed away. ECF No. 4 ¶ 1. Her son, Gregory Sachs, became the Executor for Sachs' estate ("the Estate"). *Id.* And the Estate, in turn, was substituted for Sachs as the real party in interest. *Id.*

The parties next agreed to participate in binding arbitration on the State Case claims (the "Agreement"). ECF No. 4 ¶ 2; *see* ECF No. 4-1. As part of the Agreement, the parties had entered into a "high-low" stipulation, in which they agreed to cabin the upper and lower limits of any eventual damages award. ECF No. 4-1 at 3. The parties also moved to stay the State Case pending the outcome of arbitration. ECF No. 4-2 at 8. The Circuit Court instead dismissed the

matter without prejudice.  *Id.*

The parties next participated in arbitration.  Ultimately, on June 22, 2023, the arbitrator found in favor of Sachs, and by extension, the Estate, and awarded $878,818.93 in damages. ECF No. 4 ¶ 5; *see* ECF No. 4-4 at 3–5.  This award exceeded the agreed-upon "high" of $700,000, but Loeffler did not seek any reduction based on the Agreement.  ECF No. 4 ¶¶ 5, 8. The Estate, on the other hand, initiated a separate action in Montgomery County Circuit Court to confirm the arbitration award pursuant to Md. Code, Cts. & Jud. Proc. § 3-227.  ECF No. 7-1 at 2; *see* ECF No. 4.

Loeffler timely removed the Circuit Court confirmation action to this Court, asserting diversity jurisdiction.  ECF No. 1.  The Estate, in turn, moved to remand, contending that because the parties are not citizens of different states, diversity jurisdiction is lacking.  ECF No. 7; ECF No. 7-1 at 2–4.  The Estate further contends that because the grounds for removal were baseless, Loeffler should pay its fees and costs associated with the remand motion.  ECF No. 7-1 at 4–5.  For the reasons discussed below, the Court agrees as to its lack of jurisdiction and the propriety of fees and costs.

## II.     Standard of Review

This Court is one of limited jurisdiction, authorized only to hear civil cases concerning a federal question or brought pursuant to the Court's diversity jurisdiction.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  State actions which could have been filed in federal court may be removed pursuant to 28 U.S.C. § 1441.  *Caterpillar v. Williams*, 482 U.S. 386, 391 (1987).  A party seeking removal "shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure" containing "a short and plain statement of the grounds for removal . . . ."  28 U.S.C. § 1446(a).

That short and plain statement must include sufficient facts to support the existence of federal subject matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (a notice of removal is not required "to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint").

When removal is challenged, the removing party bears the burden of "demonstrating the court's jurisdiction over the matter." *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005); *see also Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008). The Court must presume the case lies outside its limited jurisdiction unless the removing party demonstrates jurisdiction is proper. *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Customarily, Courts look to the notice of removal to ascertain whether jurisdiction exists. *See, e.g.*, *Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723, 726–28 (D. Md. 2006) (collecting cases); *Ndzerre v. Liberty Power Corp., LLC*, 318 F. Supp. 3d 761, 766 (D. Md. 2018). All doubts concerning removal are resolved in favor of remand. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

## III.   Analysis

The Estate principally contends that remand is warranted because Loeffler has not demonstrated the parties are citizens of different states. When subject matter jurisdiction is challenged, "the party seeking to adjudicate a matter in federal court . . . must demonstrate the federal court's jurisdiction over the matter." *Strawn*, 530 F.3d at 296–97. For diversity purposes, "[a] person is a citizen of a state only if she is a citizen of the United States and a domiciliary of that state." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017)

3

(citing *Brown v. Keene*, 33 U.S. 112, 115 (1834)).  Domicile is determined by presence in a state with intent to remain.  *See id.*  Accordingly, the "existence of such citizenship cannot be inferred from allegations of mere residence, standing alone."  *Allstate Ins. Co. v. Cherry*, No. ELH-11-2898, 2012 WL 1425158, at *4 (D. Md. Apr. 23, 2012) (quoting *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998)).

Loeffler is a citizen of Maryland, and the Estate is "deemed to be a citizen only of the same State as the decedent . . . ."  28 U.S.C. § 1332(c)(2); *see also Erie Ins. Co. v. Bluegrass Materials Co., LLC*, No. JKB-21-02687, 2022 WL 562937, at *3 (D. Md. Feb. 24, 2022).  But Loeffler did not aver any facts in the notice of removal to show Sachs' citizenship at the time of her death, which means that Loeffler did not make clear the Estate's citizenship.  *See* ECF No. 1. Because Loeffler failed to establish jurisdiction as part of the notice itself, the case may be remanded on this basis alone.  *See Poole*, 531 F.3d at 274; *Johnson*, 429 F. Supp. 2d at 726–28.

Moreover, Loeffler, try as she might, has not adduced evidence sufficient to show that Sachs was a citizen of a state other than Maryland.  Sure, Loeffler suggests that Sachs was a citizen of Colorado because Sachs' obituary announced that she had "died at her home in Colorado."  ECF No. 8 at 2–4; *see* ECF Nos. 8-1 & 8-2.  But even if true, the place of death, at most, demonstrates that Sachs was a resident of Colorado; but it is not sufficient to show she was a citizen of the state.  *See Cherry*, 2012 WL 1425158, at *4.

By contrast, the Estate demonstrates sufficiently that Sachs had been a citizen of Maryland at the time she died.  The Estate's Executor, Sachs' son, attests that prior to her death, Sachs had lived in Maryland for thirty years; and at the time of her death, Sachs had every intention of returning to her home but for her untimely passing while in her daughter's care in Colorado.  *See* ECF No. 7-2.  Sachs also held a Maryland driver's license, paid taxes in

Maryland, and executed her last will and testament in Maryland.  *See id.*  From this, the Court concludes that at the time of her death, Sachs was a citizen of Maryland.  *See Scott*, 865 F.3d at 195.  And more to the point, Loeffler has not demonstrated otherwise.  *See Poole*, 531 F.3d at 274.  Because Loeffler, too, is a citizen of Maryland, the parties do not enjoy diverse citizenship.  The motion to remand, therefore, must be granted.

## IV.    Attorneys' Fees and Costs

The Estate also moves for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) provides that "an order remanding the case may require payment of just costs and actual expenses, including attorneys' fees, incurred as a result of the removal."  Where "the removing party lacked an objectively reasonable basis for seeking removal," the shifting of fees and costs is warranted so as to deter baseless removals aimed at little more than delaying or derailing litigation.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Assessments of fees and costs is proper here.  Loeffler's notice of removal was clearly deficient; and had Loeffler not appreciated the defects at the time she noted removal, the Estate quickly pointed them out and urged voluntary withdrawal of the removal notice.  *See* ECF No. 7-2.  Nonetheless, Loeffler persisted.  From this, the Court concludes Loeffler's removal efforts were objectively unreasonable, and an award of fees and costs is entirely proper.  *Cf. Transam Fin. Servs., Inc. v.* Cohen, No. JFM-05-495, 2005 WL 711794, at *1 (D. Md. Mar. 22, 2005).

That said, the Estate has not provided any evidence of the amounts incurred.  *See* Loc. R. 109.2 & App'x B; *Robinson v. Equifax Info. Servs.,* LLC, 560 F.3d 235, 243–44 (4th Cir. 2009).  Because the Court may retain jurisdiction over the matter solely for the purpose of adjudicating a motion for fees and costs, *see e.g.*, *Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005), the Court

grants the Estate 14 days to submit evidence of the fees and costs expended in connection with improper removal.

**V.       Conclusion**

Based on the foregoing, it is this 18th day of April, 2024, by the United States District Court for the District of Maryland, ORDERED that:

1.       Motion for Remand (ECF No. 7), filed by Plaintiff Gregory H. Sachs, as Executor of the Estate of Roberta Sachs, BE, and the same hereby IS, GRANTED;

2.       This case BE, and the same hereby IS, REMANDED to the Circuit Court for Montgomery County;

3.       Copies of this Memorandum Opinion and Order shall be transmitted to the parties and the Clerk of the Court for the Circuit Court for Montgomery County, Maryland, and the Clerk of Court shall transmit the record herein to the Clerk of the Circuit Court for Montgomery County, Maryland; and

4.       The Court retains jurisdiction solely over the adjudication of reasonable costs and attorneys' fees; within 14 days from the date of this Order, the Plaintiff shall supplement the record to reflect fees and costs incurred in litigating remand.

April 18, 2024
Date

/S/
Paula Xinis
United States District Judge