IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREGORY H. SACHS, AS EXECUTOR OF THE ESTATE OF ROBERTA SACHS, | * | |
| | * | |
| Plaintiff, | | |
| v. | * | Civil Action No. 8:24-cv-00067-PX |
| VERA LOEFFLER, | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's motion for attorney fees pursuant to 28 U.S.C. § 1447(c). ECF No. 14. The Court previously granted the Plaintiff's motion to remand for lack of diversity jurisdiction (ECF No. 11), and thereafter concluded that the Defendant must pay reasonable fees associated with removal pursuant to 28 U.S.C. § 1447(c). *Id.; see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court further directed the Plaintiff to submit proof of such fees. *See* ECF No. 11. As described in the certification, it is the practice of Mr. Bolog to "utilize contract lawyers that are less costly" than himself. *Id.* In this case, Mr. Bolog worked with Todd P. Greer, a member of the Kentucky Bar, to assist with drafting motions and legal memoranda. *Id.* In the final calculation, Mr. Bolog reports spending 3.4 hours on the case and Mr. Greer spending 18.5 hours on the case. *See* ECF Nos. 14-3 & 14-4.

When assessing attorney fees under 28 U.S.C. § 1447(c), the Court must determine whether "the hours worked were reasonable or whether the request includes hours that were unnecessary or duplicative." *Flores v. City Certified Bldg. Servs., Inc.*, No. CV ELH-16-2135, 2016 WL 6780209, at *5 (D. Md. Nov. 16, 2016). In assessing the reasonableness of the fees, the court must apply the twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*,

488 F.2d 714, 717–19 (5th Cir. 1974), and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978).[1]

Plaintiff seeks reimbursement for a total of 21.9 hours to litigate the remand motion and prepare the fee request.  ECF No. 14 at 3.  The issues are straightforward, and the pleadings were brief.  Given this, the Court deems unreasonable awarding fees for time expended by both counsel on the same task.  Indeed, the stated reason for outsourcing work to Mr. Greer was cost containment.  *Id.* at 1.  Accordingly, the Court finds as reasonable the hours that Mr. Greer has billed.  *See* Loc. R., App. B (2) (providing that generally only one lawyer for each party shall be compensated for any given task absent justification).  Mr. Greer has significant legal experience to prepare the pleadings competently, and so the Court finds Mr. Bolog's work duplicative.  The Court, therefore, awards 18.5 hours for Mr. Greer's preparation of both pleadings.

The Court also will not use the District of Columbia Laffey Matrix, which alone is not evidence of the "prevailing market rate" in this jurisdiction.  *Cross v. Fleet Reserve Ass'n Pension Plan*, Civil No. WDQ–05–0001, 2010 WL 3609530, at *5 n. 21 (D. Md. Sept.14, 2010); *Robinson v. Equifax Info. Servs., LLC,* 560 F.3d 235, 244 (4th Cir. 2009).  Rather, Appendix B of the Local Rules for the District of Maryland sets forth presumptively reasonable fee ranges to aid this Court in awarding fees.  *See* Loc. R, App. B (3).  According to these Rules, the presumptively reasonable fee for an attorney with 20 years or more of experience, like Mr. Bolog, is $300 to $475 per hour, and for Mr. Greer with 15 years' experience, is $275 to $425 per hour.  *See id.*  Given the straightforward nature of the case, and counsels' choice to proceed

---

[1] The factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)

in this district, the Court has been given no reason to depart from the prevailing rates. That said, the Court will adopt the high end of the presumptive rates set forth in the Court's Local Rules. *See* Loc. R, App. B (3). Thus, the total aggregated amount for legal reimbursement is $7,862.50 (calculated as 18.5 hours x $425 hourly rate).

Based on the foregoing, it is this 5th day of December, 2024, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff, Gregory H. Sachs, as Executor of the Estate of Roberta Sachs, is AWARDED $7,862.50 in attorneys' fees; and

2. The Clerk is directed to transmit this Order to the Parties and CLOSE this case.

| | |
|---|---|
| December 5, 2024 | /s/ |
| Date | Paula Xinis<br>United States District Judge |